IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                              PLAINTIFF

v.                          Civil No. 2:24-cv-02060-PKH-MEF

HEATHER PATTON
(Chief Deputy Prosecuting Attorney);
JEFFEREY WAYNE PHILLIPS
(Deputy Prosecuting Attorney);
CAROL COLLINS
(Deputy Prosecuting Attorney); and
STEVEN G. HIGGINS
(Deputy Prosecuting Attorney)                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Also before the Court is Plaintiff's Motion to Stay this case pending resolution of his state court cases. (ECF No. 11).

### I.      BACKGROUND

Plaintiff filed his Complaint on May 8, 2024. (ECF No. 2). At that time, he was not incarcerated. (*Id*.). On May 28, 2024, Plaintiff submitted an *in forma pauperis* ("IFP") application

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

in Case No. 2:24-cv-02059, indicating he was now incarcerated in the Hot Spring County Jail. The Court entered an Order directing Plaintiff to submit an IFP application, which Plaintiff did on June 17, 2024. (ECF Nos. 5, 8). Plaintiff was granted IFP status on June 25, 2024. (ECF No. 9).

Plaintiff alleges that the Defendants, all prosecuting attorneys, violated his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 2, p. 7). Plaintiff identifies the Complaint as arising under 42 U.S.C. § 1983. (*Id*. at 8). As a preliminary matter, the Court notes that Plaintiff's Complaint does not comply with Fed. R. Civ P. 8(a)(2) in that it fails to provide a "short and plain statement of the claim." Nonetheless, the crux of the Complaint appears to be that the four named prosecutors violated his rights in state criminal cases in October 2023. (*Id*. at 9). These Defendants and these criminal cases were also related to a no-contact order concerning Plaintiff's ex-girlfriend Ashley Zachary and various allegations concerning bail amounts. (*Id*.). Plaintiff provided three attachments to his Complaint. The first is a petition and amended petition by Defendant Patton to revoke Plaintiff's pretrial release in 36CR-23-330, in the Circuit Court of Johnson County, Arkansas. (ECF No. 2-1). The second is an Order Regarding Probable Cause and Pretrial Release Conditions issued in that case. (ECF No. 2-2). The third is an email with a subject line of "Discovery 36CV-33/36DR-23-256." The email contains numerous attachments. (ECF No. 2-3).

The Court has reviewed the state cases identified by Plaintiff in his Complaint.[2] *State v. Jones*, 36CR-23-330, is a felony case in the Circuit Court of Johnson County, Arkansas. Defendant Phillips is the current prosecuting attorney in the case. Defendant Collins signed the criminal information sheet. Plaintiff was represented by an attorney and entered a plea of *nolo contendere*

---

[2] Case information available at Search ARCourts, https://caseinfonew.arcourts.gov/opad (last accessed Aug. 7, 2024).

2

to charges of criminal mischief and criminal trespass on January 10, 2024. A motion to reopen the case was filed on April 18, 2024, and the case is currently open. *State v. Jones*, CKC-23-814, is a city docket traffic/criminal case in Johnson County. Defendant Higgins is the prosecuting attorney in the case. Plaintiff was charged with violation of a no-contact order. The case is currently open.

*Jones v. Zachary*, Case No. 36CV-24-33, is a civil case, in which Plaintiff brought a claim of intentional tort against Ashley Zachary. The case was dismissed with prejudice on July 2, 2024. The case was dismissed for three reasons. First, Plaintiff failed to appear either in person via transport order or electronically by Zoom. Second, the lawsuit was found to be frivolous in nature and served no purpose other than to harass. Third, the state court found dismissal was appropriate under Arkansas Rule of Civil Procedure 12(b)(6) because his complaint failed to state in ordinary and concise language facts which would show him entitled to relief, and his complaint was comprised of "mostly legal conclusion without facts to support his entitlement to relief." Plaintiff was ordered to pay attorney's fees. Plaintiff filed a Notice of Appeal on July 15, 2024. *Zachary v. Jones*, Case No. 36DR-23-256, involved a domestic order of protection granted on April 24, 2024. This case is also closed, with Plaintiff filing a Notice of Appeal on May 20, 2024. In both cases, it appears that Plaintiff failed to pay the appellate filing fees as directed, and his motions to proceed *in forma pauperis* are pending. None of the Defendant prosecutors in this case were listed as participants in either of these cases.

Plaintiff proceeds against all Defendants in their official and individual capacities. (ECF No. 2, p. 9). He seeks several items of relief, including a declaratory judgment that Defendants violated his rights, an injunction ordering the Defendants to cease their unlawful practices, an order for correction of public records as to the actions taken against Plaintiff, and formal apologies. As

equitable relief, he seeks an order subjecting Defendants to review by the Arkansas Bar with the goal of suspending or disbarring Defendants. Finally, Plaintiff seeks any other relief the Court might deem appropriate. (*Id*. at 15-16). Plaintiff does not seek monetary relief.

Plaintiff filed a Motion to Stay the proceedings in this case pending the outcome of his state criminal proceedings on July 29, 2024. (ECF No. 11). As grounds for this motion, Plaintiff states that case CKC-23-814 is currently set for trial on September 10, 2024. (*Id*. at 2).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Cases 36CV-33 and 36DR-23-256

"Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. *See Martin*, 780 F.2d at 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim). Plaintiff has named four prosecutors as defendants in this case and referenced these two state cases. For these two cases, however, Plaintiff has failed to indicate how they were involved with the cases. Nor can any such involvement be inferred from the state case dockets. Plaintiff, therefore, fails to state any plausible claims against the Defendants concerning these cases.[3]

#### B.  Ongoing State Criminal Cases – *Younger* Abstention Doctrine

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller*

---

[3] Similarly, as Plaintiff's Complaint in this case is almost entirely composed of legal conclusions in place of facts, Plaintiff fails to allege specific facts as to the actions of the prosecutors in his referenced criminal cases. However, as the Court should abstain under *Younger*, it is not necessary to address the lack of facts further at this time.

*v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (*quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). *Younger* also "bar[s] federal relief in certain civil actions. *Sprint Commun., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages).

Here, Plaintiff's claims concerning the alleged constitutional violations are intertwined with his ongoing state criminal cases. As these cases are still open, the *Younger* abstention doctrine applies. Plaintiff does not contend he cannot raise his claims in the state criminal cases. And Plaintiff has not identified any extraordinary circumstances that suggest this Court should interfere with the state criminal cases. The state clearly has an important interest in enforcing its criminal laws. There are important interests in allowing state courts to administer their own cases. There is no reason Plaintiff cannot raise his federal claims in the state criminal cases. Further, Plaintiff seeks only non-monetary relief. It is, therefore, appropriate to dismiss this case under the *Younger* abstention doctrine.

## IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE.  It is further recommended that his Motion to Stay (ECF No. 11) be DENIED AS MOOT.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE