IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                    PLAINTIFF

v.                              Civil No. 2:24-cv-02060-TLB

HEATHER PATTON
(Chief Deputy Prosecuting Attorney);
JEFFREY WAYNE PHILLIPS
(Deputy Prosecuting Attorney);
CAROL COLLINS
(Deputy Prosecuting Attorney);
STEVEN G. HIGGINS
(Deputy Prosecuting Attorney)                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Leave to Appeal *in forma pauperis*. (ECF No. 30).

### I.     BACKGROUND

Plaintiff filed his Complaint on May 8, 2024. (ECF No. 1). The Order dismissing Plaintiff's case was entered on August 19, 2024. (ECF No. 14). Plaintiff's case was dismissed because his allegations either failed to state a plausible claim or were based on an ongoing state criminal case which required dismissal under the *Younger* abstention doctrine. (*Id.*).

Plaintiff filed a Notice of Appeal to the Eighth Circuit Court of Appeals on September 11, 2024. (ECF No. 19). He has now filed a Motion for Leave to Appeal *in forma pauperis* ("IFP"). (ECF No. 30).

## II. LEGAL STANDARD

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

To proceed *in forma pauperis* is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny *in forma pauperis* status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

### III. ANALYSIS

As discussed in the Order dismissing this case, Plaintiff's case was dismissed because his allegations either failed to state a plausible claim or were based on an ongoing state criminal case which required dismissal under the *Younger* abstention doctrine. As such, Plaintiff's appeal is frivolous and, therefore, not taken in good faith.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 30) be DENIED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of November 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE